MacKenzie v. MacKenzie

---

JOHN B. MacKENZIE v. DIANE COX MacKENZIE

No. 7426DC165

(Filed 1 May 1974)

Divorce and Alimony § 22— child custody — foreign action pending — court's refusal to exercise jurisdiction — temporary custody and attorney's fees

Where the trial court refused to exercise jurisdiction in a child custody proceeding on the ground that a court in another state had assumed jurisdiction to determine the matter and the best interests of the children and the parties would be served by having the matter disposed of in that jurisdiction, the trial court was not thus deprived of authority to award temporary custody of the children and to award attorney's fees for the hearing held in this State. G.S. 50-13.5.

Judge BRITT dissents.

MacKenzie v. MacKenzie

APPEAL by plaintiff from *Abernathy, District Judge,* 10 September 1973 Session of District Court held in MECKLEN-BURG County.

In June 1973, plaintiff John B. MacKenzie and his wife, the defendant in this case, separated. At the time, the parties were living in Fairfield, Connecticut. Shortly before their separation the parties entered into a consent agreement which gave defendant custody of the couple's three minor children and obligated plaintiff to pay child support and temporary alimony. Plaintiff had the right to remove the children from Connecticut for visitations.

In August 1973, defendant filed an action against plaintiff in Fairfield, Connecticut, seeking an absolute divorce, permanent custody of and support for the minor children, as well as both permanent and pendente lite alimony. Plaintiff was personally served with process in Connecticut, and the case was set for hearing in September 1973.

On 6 September 1973, plaintiff, who had moved to North Carolina in late July 1973, instituted this custody action in North Carolina. Defendant retained local counsel and personally appeared in the proceeding. When the North Carolina action was commenced, the minor children were visiting plaintiff in Charlotte, and plaintiff refused to let them return to Connecticut.

A hearing was held on 10 September 1973 and, in part, the judge found, concluded and ordered as follows:

"(19) At the time the Plaintiff filed his Complaint in this action, the children born of said marriage, while actually present in this state, were here simply for the purpose of visiting with the Plaintiff, and were, therefore, neither citizens nor residents of this state, but were actually domiciled in the State of Connecticut.

(20) While the Plaintiff has enrolled said children in the Mecklenburg County Schools, and the said children had, in fact, attended several days of school here in Mecklenburg County, North Carolina, the said children were also enrolled in the Fairfield County, Connecticut, schools and, in fact, the two oldest children were enrolled in the same schools to which they had been attending in the past. Moreover, the Fairfield County School System began its term on

September 6, 1973, so that the children had only missed two days of school in Connecticut as of the time of this hearing.

(21) From the evidence presented, and the pleadings filed in this action, the Court finds as a fact that all of the necessary witnesses for both the Plaintiff and the Defendant are either in Connecticut or some state other than North Carolina, and the only party in interest in said litigation that is actually domiciled in North Carolina is the Plaintiff.

(22) The Defendant alleges, and the Plaintiff admits, that a bona fide action has been filed by the Defendant in Connecticut raising the issues alleged in the Plaintiff's Complaint, that the said Court in Connecticut has gained personal jurisdiction of the Plaintiff, and that that action is presently pending.

(23) The Defendant does not have sufficient means to defray the expense of this action and therefore, pursuant to the provisions of NC GS 50-13(6), the Plaintiff should pay the Defendant's attorney a reasonable fee for representing the Defendant in this action, and the Court finds as a fact that a reasonable amount for the Plaintiff to pay to the Defendant's attorney is $500.00.

Based upon the foregoing FINDINGS OF FACT, the Court makes the following CONCLUSIONS OF LAW:

(1) Pursuant to NC GS 50-13(d)(2), this action was properly set for hearing before the undersigned Judge on September 7, 1973, since the welfare of the children born of the marriage required the Court, in its discretion, to hear the matter pending the service of process or notice requirements as provided in NC GS 50-13.5(d)(1).

(2) Pursuant to the provisions of NC GS 50-13.5 (c)(5), the Court, in its discretion, hereby refuses to exercise jurisdiction in the Plaintiff's action, inasmuch as a court in another state has assumed jurisdiction to determine the matter, and that the best interest of the children and the parties would be served by having this matter disposed of in said jurisdiction.

(3) It is in the best interest of the children born of said marriage to be returned to Connecticut to begin their

school term, to be in the temporary custody of the Defendant, pending a final determination of this issue in the action filed by the Defendant in Connecticut, as hereinbefore set forth.

(4) Pursuant to the provisions of NC GS 50-13(6), the Court, in its discretion, hereby concludes as a matter of law that the Plaintiff should defray the Defendant's attorney's fees in the amount of $500.00 in defending the Plaintiff's action.

Based upon the foregoing FINDINGS OF FACT and CONCLUSIONS OF LAW, IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:

(1) That the Plaintiff's action be and the same is hereby DISMISSED.

(2) That the Plaintiff immediately return the children born of said marriage to the Defendant, and defray their travel expenses to Connecticut.

(3) The Plaintiff is hereby ordered and directed to pay to A. Marshall Basinger, II, the sum of $500.00 for representing the Defendant in said action, said sum to be paid directly to the said A. Marshall Basinger, II, on or before September 20, 1973."

Plaintiff appealed.

*John G. Newitt, Jr., and Roger H. Bruny for plaintiff appellant.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston by A. Marshall Basinger II, for defendant appellee.*

VAUGHN, Judge.

The question presented is aptly posed by appellee as follows:

"Can the trial court refuse to exercise jurisdiction in a child custody action pursuant to NC GS 50-13.5(c)(5), and thereby dismiss the Plaintiff's action, and at the same time award the temporary custody of the children to either party . . . and award attorney's fees. . . . "

G.S. 50-13.5 is as follows:

"If at any time a court of this State having jurisdiction of an action or proceeding for the custody of a minor child finds as a fact that a court in another state has assumed jurisdiction to determine the matter, and that the best interests of the child and the parties would be served by having the matter disposed of in that jurisdiction, the court of this State may, in its discretion, refuse to exercise jurisdiction, and dismiss the action or proceeding or may retain jurisdiction and enter such orders from time to time as the interest of the child may require."

Appellant's position is that the court may either decline to exercise jurisdiction or exercise jurisdiction and adjudicate the right of the parties but that it cannot do both.

We are of the opinion that the question as posed by the appellee should be answered in the affirmative and that the action taken by Judge Abernathy was proper. A court having jurisdiction of children located within the state surely has the inherent authority to protect those children and make such temporary orders as their best interests may require. Even without the statute, the court could have ordered that the children be placed in the temporary custody of appellee under such conditions and for such period of time as the court found to be in the best interests of the children. That order could have forecasted that the court, its jurisdiction continuing, would modify the order at a later time based upon, among other things, the actions taken by the Connecticut court.

Moreover, if under the statute the court must either undertake a plenary disposition of the question of custody at the outset or refuse to enter any order for the protection of the children, the words "at any time" in G.S. 50-13.5 (c) (5) appear to be without significance. It is more likely that the legislature understood that children could well need the temporary protection of our courts even though the best interest of the children could be served by having a more permanent disposition of the case made in another jurisdiction and thus allowed our court to decline to exercise further jurisdiction "at any time." Furthermore, there are many cases where it does not initially appear that the best interest of the children would be served by further adjudication in another state but does so appear at later stages of the proceedings. Under appropriate circumstances, the court

may decline to exercise further jurisdiction at any stage of the proceeding and may yield to the court of another state that has assumed jurisdiction.

Affirmed.

Judge PARKER concurs.

Judge BRITT dissents.