LYNDA WARSKOW STORY v. RICHARD DARRELL STORY

No. 8126DC714

(Filed 1 June 1982)

**1. Divorce and Alimony § 25— award of temporary custody proper—wrong statutory provision used**

The trial court did not err in awarding temporary custody to the mother where the mother's verified complaint and answer to defendant's unverified answer and counterclaim set forth facts sufficient to support the trial court's conclusion that the best interest of the child would be served by placing temporary custody of the child with plaintiff; however, the court erred in entering the award of custody under the provisions of G.S. 50B-3(a)(2) and (4) since

Chapter 50B did not become effective until after the acts of violence alleged in plaintiff's complaint. The award of temporary custody could be sustained under the provisions of G.S. 50-13.5(c)(2) and (d)(2).

**2. Divorce and Alimony § 25— findings of trial court insufficient to support order of permanent child custody**

The trial court erred in relying exclusively on plaintiff's verified complaint and answer and in failing to hear any testimony in determining that custody of plaintiff's minor child should be permanently awarded to her, and the trial court erred in failing to make any findings of fact to sustain its conclusion that the best interest and welfare of the child would be served by granting permanent custody to plaintiff. Even if the trial judge had exercised G.S. 1A-1, Rule 37 options for defendant's failure to comply with discovery by dismissing defendant's counterclaim for custody and refusing to allow him to oppose plaintiff's custody claim as plaintiff contends the trial judge should have done, such action would not have resolved the issue of plaintiff's fitness to have custody or obviate the need for a hearing and findings of fact on that issue.

APPEAL by defendant from *Black, Judge.* Order entered 9 February 1981 in District Court, MECKLENBURG County. Heard in the Court of Appeals 10 March 1982.

Alleging that defendant had rendered such indignities upon her as to make her condition intolerable and had constructively abandoned her by forcing her and the child to flee the family home, plaintiff filed a verified Complaint on 20 June 1979 seeking a divorce from defendant, alimony and alimony *pendente lite,* custody of the minor child of the marriage, and child support.

Defendant did not respond to the Complaint until 11 February 1980 when he filed an unverified Answer and a motion asking the North Carolina court to refuse jurisdiction on the custody issue because, before being served with the pleadings in this action, defendant had filed a similar action in Nevada where he presently resides with the child. In his Answer, defendant denied the allegations of the Complaint and counterclaimed for custody of the child on grounds of alleged adultery, sexual promiscuity, emotional instability and unfitness of plaintiff to have custody of the child.

Plaintiff filed a verified Answer to defendant's Counterclaim, denying the allegations therein, except admitting that a police officer had observed her at approximately 3:55 a.m. on 25 June 1978 sitting alone in an automobile in the middle of the road pointing a pistol at her head. She alleged, however, that this incident oc-

curred as a result of defendant's constant harrassment, adultery and brutal behavior towards her. Plaintiff further asserted that the court should not refuse jurisdiction because the child's home is in North Carolina, the child being in Nevada as a result of being abducted and taken there by defendant.

Because defendant failed to answer interrogatories or to comply with plaintiff's request for production of documents, plaintiff sought an order compelling defendant to comply with discovery. On 16 October 1980 an order was entered directing defendant to respond to six of the interrogatories which the court deemed relevant to the question of jurisdiction. Defendant was further ordered to permit plaintiff to visit the child, either in Nevada or North Carolina, at defendant's expense. The cause was continued indefinitely pending a decision by the court whether to accept jurisdiction in the matter or to defer to defendant's Nevada action.

On 12 November 1980 plaintiff moved for sanctions against defendant pursuant to G.S. 1A-1, Rule 37, for defendant's continued failure to comply with discovery and for defendant's continued denial of visitation to plaintiff despite the previous court order. Plaintiff also asked that defendant be held in civil and criminal contempt of court. An order was entered on 22 December 1980 holding defendant in civil contempt of court but deferring the question of criminal contempt until after a decision by the Nevada and North Carolina courts on the question of jurisdiction.

On 18 December 1980 the District Court of Nevada declined to exercise jurisdiction in the custody suit filed there by defendant because it found North Carolina to be the more appropriate forum.

Plaintiff's North Carolina action was then set for hearing on the custody issue. The pertinent parts of the Order which was entered by the presiding judge after that hearing follow.

### FINDINGS OF FACT

. . . .

5. That the Plaintiff and the Defendant are owners as tenants-by-the-entireties of a home here in Mecklenburg

County, North Carolina, said home currently being under lease.

6. That the Defendant's failure to appear or respond to the Plaintiff's discovery is clearly a willful effort to interrupt, interfere, obstruct and delay the hearing of this matter and further, that the Plaintiff's discovery, if proper response were made, would be of great benefit to this Court in its consideration of the various issues before it, as would the Defendant's personal presence be of benefit and is practically necessary to this Court's consideration of said issues, *i.e.*, *e.g.*, it is difficult to determine how this Court can properly consider the Defendant's request for custody without his presence.

. . . .

9. That the Defendant's willful actions constitute direct criminal contempt that is willfully contemptuous of this Court.

10. That the Court, without hearing evidence beyond the facts set forth hereinabove and upon a consideration of the record and arguments and statements of counsel, finds that the best interests and welfare of the child would be best served by granting temporary, as well as permanent custody to the Plaintiff.

11. That the Defendant's actions over the past eighteen (18) months in withholding the minor child from seeing or hearing from his mother is not in the child's best interests nor is the Defendant's contemptuous actions before this court.

12. That there have been allegations of domestic violence sufficient to invoke the powers granted this Court under North Carolina General Statutes Chapter 50B.

### CONCLUSIONS OF LAW

. . . .

3. That the best interests and welfare of the minor child would be best served by granting custody to the Plaintiff, who is a fit and proper person to be granted his custody.

4. That the provisions, powers and remedies of North Carolina General Statutes Chapter 50B have been properly invoked.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:

. . . .

3. That under the provisions of the contempt powers of this Court, anyone having custody or physical contact of the minor child, RICHARD ROY STORY, shall immediately and without delay bring the child before this Court.

4. That the Plaintiff is hereby granted temporary and permanent custody of the minor child and the Defendant is ordered to deliver said child to her immediately.

5. That the Court hereby declares a lien against all proceeds of the rental or lease on the property located at 6526 Carsdale Place, Charlotte, North Carolina, said proceeds shall be paid to the office of the Clerk of Superior Court of Mecklenburg County, to be distributed for the benefit of said child when appropriate to do so, and at the natural termination of said rental or lease, said property shall be immediately sequestered for the sole use of the Plaintiff and the minor child.

. . . .

Defendant appeals from this order.

*Reginald L. Yates for defendant appellant.*

*James V. Campbell, II, for plaintiff appellee.*

BECTON, Judge.

Defendant excepts and assigns error to the award of custody, both temporary and permanent, and child support, in the form of sequestration of the home, to plaintiff. We address the dispositive issues.

Temporary Custody

[1]   We agree with the trial court's award of temporary custody to plaintiff; however, that award cannot be sustained on the basis

of chapter 50B of the North Carolina General Statutes. This Chapter authorizes the district courts to enter such temporary orders as may be necessary to protect a spouse or a minor child from domestic violence. G.S. 50B-3(a)(2) and (4) provide that such protective orders may grant possession of the residence to a spouse, award temporary custody of minor children and order either party to make payments for the support of the minor children. These provisions are not applicable to the present case because Chapter 50B did not become effective until 1 October 1979 and applies only to acts of domestic violence occurring on or after that date. The acts of violence alleged in plaintiff's Complaint all occurred prior to its filing in June 1979.

We sustain the award of temporary custody under other statutory provisions — G.S. 50-13.5(c)(2) and (d)(2) — which give the district courts jurisdiction to enter temporary custody and support orders for minor children. Such temporary orders may even be entered *ex parte* and prior to service of process or notice. *Brandon v. Brandon,* 10 N.C. App. 457, 179 S.E. 2d 177 (1971). Affidavits may be used as a basis for such temporary orders. *In Re Custody of Griffin,* 6 N.C. App. 375, 170 S.E. 2d 84 (1969).

In the present case, the trial court had before it plaintiff's verified Complaint and verified Answer to defendant's Counterclaim setting forth facts sufficient to support the trial court's conclusion that the best interest of the child would be served by placing temporary custody of the child with plaintiff. Defendant's Answer and Counterclaim, on the other hand, were unverified, and defendant had failed to respond to plaintiff's discovery efforts. Although it would have been better for the court to set out specific findings of fact, rather than simply stating that the order was based upon a consideration of the record before it, we nevertheless affirm the award of temporary custody in view of the court's conclusion, based upon and supported by that record, that the best interests of the child would be served by placing temporary custody with plaintiff. *Cf. MacKenzie v. MacKenzie,* 21 N.C. App. 403, 204 S.E. 2d 561 (1974) (trial court may exercise jurisdiction to award temporary custody only and defer to another state court's determination of permanent custody).

Permanent Custody

**[2]** While the findings of the trial court are sufficient to support an order of temporary custody, they are not sufficient to support an order of permanent custody. The law is clear in this State that a judgment awarding permanent custody must contain findings of fact in support of the required conclusion of law that custody has been awarded to the person who will best promote the interest and welfare of the child. *Montgomery v. Montgomery*, 32 N.C. App. 154, 231 S.E. 2d 26 (1977). "These findings may concern physical, mental, or financial fitness or any other factors brought out by the evidence and relevant to the issue of the welfare of the child." *Steele v. Steele*, 36 N.C. App. 601, 604, 244 S.E. 2d 466, 468 (1978). Further, an award of permanent custody may not be based upon affidavits. *In Re Griffin*. Although plaintiff's verified Complaint alleged facts which tended to show that plaintiff is a fit and proper person to have permanent custody of the child, a more reliable form of evidence would have been plaintiff's sworn testimony, subject to cross examination by defendant's attorney. Such testimony was particularly necessary in this case in view of plaintiff's admission, in her Answer to defendant's Counterclaim, to past acts of erratic and emotional behavior on her part. The trial court erred in failing to hear any testimony in the matter and in failing to make any findings of fact to sustain its conclusion that the best interests and welfare of the child would be served by granting permanent custody to plaintiff.

Plaintiff argues in her brief that no findings of fact were required to support the custody award because it was entered in conjunction with the trial court's order for sanctions against defendant. Plaintiff relies upon G.S.1A-1, Rule 37(b)(2) which empowers a trial judge, as a sanction for a party's failure to make discovery, to take as established those facts which the party failed to disclose, to refuse to allow the disobedient party to oppose designated claims, to dismiss the proceeding or any part thereof and to render a judgment by default against the disobedient party. Plaintiff contends that because defendant's failure to respond to discovery or to be present at the custody hearing precluded any inquiry into his fitness for custody, his financial ability or the needs of the child, the trial court properly dismissed defendant's counterclaim for custody, refused to allow defendant to oppose plaintiff's claim for custody, and awarded custody to

plaintiff. We cannot agree with this argument. Even if the trial court exercised the Rule 37 options alleged by plaintiff, the paramount question of the best interests of the child remained unanswered. Dismissing defendant's counterclaim for custody and refusing to allow him to oppose plaintiff's custody claim did not resolve the issue of plaintiff's fitness to have custody or obviate the need for a hearing and findings of fact on that issue. *Cf. Bowes v. Bowes*, 43 N.C. App. 586, 259 S.E. 2d 389 (1979), *disc. rev. denied*, 299 N.C. 120, 262 S.E. 2d 5 (1980) (sufficient findings of fact made to support increase in alimony to plaintiff following entry of default against defendant for failure to respond to plaintiff's request for admissions).

This Cause is remanded for the trial court's reconsideration of the issue of permanent custody. Pending the trial court's appropriate disposition of permanent custody, that portion of the order awarding temporary custody is affirmed. The judgment below is

Affirmed in part, modified in part, and remanded.

Judge WELLS and Judge HILL concur.