CABELL J. REGAN, Plaintiff v. LINDA GAIL SMITH, Defendant

No. COA97-1232

(Filed 29 December 1998)

**Child Support, Custody, and Visitation— custody—initial permanent order—changed circumstances—not required**

A permanent child custody order was remanded where the order suggested that the court may have believed that plaintiff had the burden to establish changed circumstances but the issue was decided at a time when no prior permanent custody order was in effect. The court was therefore obligated to consider all the evidence and determine which party would best promote the interest and welfare of the child but was not required to find changed circumstances of any kind.

Appeals by plaintiff and defendant from order for custody and order for visitation entered 28 July 1997 by Judge Gary L. Locklear in Robeson County District Court. Heard in the Court of Appeals 21 September 1998.

*Edward P. Hausle, P.A., by Edward P. Hausle, for plaintiff-appellant.*

*No brief for defendant.*

LEWIS, Judge.

Plaintiff and defendant are the biological parents of a child born in 1989. This action for custody and support, the first and only such action brought by either party, was filed in August 1996. The child was then living with defendant.

Plaintiff filed an amended complaint in which he requested an *ex parte* emergency order granting him custody of the child pendente lite. Following a hearing on 3 January 1997, at which defendant was not present, the trial court awarded plaintiff with temporary, exclusive custody of the child pending a full hearing on the custody issue. The facts justifying the award of temporary custody are not relevant to our disposition of this appeal.

Following a second hearing on 10 January 1997, which both parties attended, the trial judge issued an order that continued the earlier order for temporary custody and established defendant's visi-

tation rights. Thereafter, the child apparently resided with plaintiff's sister, because on 7 February another order was entered stating that "[t]he minor child shall continue to reside with the sister of the Plaintiff . . . until further orders of this Court."

A full hearing on the issue of permanent custody occurred on 3 June 1997, after which the trial court entered a custody order containing the following conclusion of law: "That given the history, it would be in the child's best interest and further, that the Court has not been shown a substantial reason to change custody, that custody continue with the mother, the defendant." The temporary custody order was dissolved, and custody of the child was, in the word of the trial judge, "returned" to defendant. Plaintiff appeals. Because we cannot tell whether the trial court applied the correct standard when it decided the issue of permanent custody, we remand the case.

In one sense, all child custody orders are "temporary": they are subject to modification, *see, e.g.*, N.C. Gen. Stat. § 50-13.7(a) (1995), and they terminate once the child reaches the age of majority, *see* N.C. Gen. Stat. §§ 50-13.1 through 50-13.3 (Cum. Supp. 1997), N.C. Gen. Stat. § 48A-2 (1984). Yet a distinction is drawn in our statutes, *see* N.C. Gen. Stat. § 50-13.5(d)(2) and (3) (1995), and in our case law, *see, e.g.*, *Story v. Story*, 57 N.C. App. 509, 513-16, 291 S.E.2d 923, 926-27 (1982), between "temporary" or "interim" custody orders and "permanent" or "final" custody orders.

A permanent custody order establishes a party's present right to custody of a child and that party's right to retain custody indefinitely. *See, e.g.*, *In re Custody of Griffin*, 6 N.C. App. 375, 379, 170 S.E.2d 84, 86 (1969). Permanent custody orders arise in one of two ways. If the necessary parties have entered into an agreement for permanent custody, and the trial court enters a consent decree which contains that agreement, the consent decree is a permanent custody order. *See, e.g.*, *Norton v. Norton*, 76 N.C. App. 213, 215-16, 332 S.E.2d 724, 726-27 (1985). In all other cases, permanent custody orders are those orders that resolve a contested claim for permanent custody of a child by granting permanent custody to one of the parties. They are issued after a hearing of which all parties so entitled are notified and at which all parties so entitled are given an opportunity to be heard. *See Broaddus v. Broaddus*, 45 N.C. App. 666, 671-72, 263 S.E.2d 842, 845 (1980).

In contrast, temporary custody orders establish a party's right to custody of a child pending the resolution of a claim for permanent

custody—that is, pending the issuance of a permanent custody order. *See Dunlap v. Dunlap*, 81 N.C. App. 675, 676, 344 S.E.2d 806, 807, *disc. review denied*, 318 N.C. 505, 349 S.E.2d 859 (1986); *accord, Gustafson v. Gustafson*, 272 N.C. 452, 457, 158 S.E.2d 619, 622-23 (1968). A temporary custody order may be issued *ex parte. See* N.C. Gen. Stat. § 50-13.5(d)(3); *Story*, 57 N.C. App. at 514, 291 S.E.2d at 926.

When a court for the first time decides the issue of permanent custody, it must determine which party to the dispute will "best promote the interest and welfare of the child." N.C. Gen. Stat. § 50-13.2(a) (Cum. Supp. 1997); *see Price v. Howard*, 346 N.C. 68, 72, 484 S.E.2d 528, 530 (1997); *Story*, 57 N.C. App. at 515, 291 S.E.2d at 927. Although all parties have an incentive to present favorable evidence at the permanent custody hearing, no party has the burden of proof on the "best interest" question. The trial court must decide the "best interest" question based on all the evidence presented. *Pulliam v. Smith*, 348 N.C. 616, 631, 501 S.E.2d 898, 906 (1998) (Orr, J., concurring in the result); *Ramirez-Barker v. Barker*, 107 N.C. App. 71, 78, 418 S.E.2d 675, 679 (1992), *disapproved on other grounds by Pulliam, supra.*

In contrast, once a permanent custody order has been issued, such order may be modified or vacated only upon a showing of substantially changed circumstances affecting the welfare of the child. N.C. Gen. Stat. § 50-13.7(a) (1995); *Pulliam*, 348 N.C. at 618-19, 501 S.E.2d at 899 (quoting *Blackley v. Blackley*, 285 N.C. 358, 362, 204 S.E.2d 678, 681 (1974)); *but see Clark v. Clark*, 23 N.C. App. 589, 594, 209 S.E.2d 545, 548 (1974) (where consent decree for permanent custody contained parties' agreement to allow trial judge to modify visitation rights without a showing of changed circumstances, held, trial judge could alter visitation rights without a showing of changed circumstances). The party moving to modify or vacate the order has the burden of proving such changed circumstances. G.S. 50-13.7(a); *Pulliam*, 348 N.C. at 619, 501 S.E.2d at 899 (quoting *Blackley*, 285 N.C. at 362, 204 S.E.2d at 681). The rule established by section 50-13.7(a) and developed within our case law requires a showing of changed circumstances only where an order for permanent custody already exists. *Cf. Story*, 57 N.C. App. at 515-16, 291 S.E.2d at 927 (upholding award of temporary custody and remanding case for reconsideration of permanent custody issue based on a "best interest" standard); *accord, Griffin*, 6 N.C. App. at 379, 170 S.E.2d at 86.

In this case, the trial judge decided the issue of permanent custody at a time when no prior permanent custody order was in effect. He was therefore obligated to consider all the evidence and determine which party would best promote the interest and welfare of the child, but he was not required to find changed circumstances of any kind. Just as defendant had no burden to prove changed circumstances to modify the temporary custody order, plaintiff was not required to prove changed circumstances to justify entry of a permanent custody order that would alter the child's living arrangements prior to this lawsuit.

The permanent custody order suggests the trial court may have believed, incorrectly, that plaintiff had the burden to establish changed circumstances at the permanent custody hearing. We remand the case for the trial court to reevaluate the evidence based on the "best interest of the child" standard. Our disposition of plaintiff's appeal makes it unnecessary for us to address the other issues raised in plaintiff's brief.

Although defendant filed a notice of appeal in this case, she did not file a brief. Her appeal is therefore dismissed.

Appeal of defendant dismissed; case remanded.

Judges HUNTER and SMITH concur.