IN RE: INQUIRY CONCERNING A JUDGE, NO. 240 GREGORY R. HAYES, RESPONDENT

No. 139A01

(Filed 8 June 2001)

**Judges— misconduct—removal from office—remand for rehearing—videotaping of testimony**

    A proceeding to remove a district court judge from office for misconduct based upon allegations that he physically assaulted a deputy clerk of court and made inappropriate sexual remarks to her in the judge's chambers is remanded to the Judicial Standards Commission for a rehearing in which the testimony shall be videotaped where the evidence before the Supreme Court in the form of a written record is such that the Court cannot properly carry out its responsibilities for independently evaluating the evidence.

**IN RE HAYES**

[353 N.C. 511 (2001)]

This matter is before the Supreme Court of North Carolina pursuant to N.C.G.S. § 7A-376 upon the recommendation of the Judicial Standards Commission dated 18 January 2001 that respondent Gregory R. Hayes, a judge of the General Court of Justice, District Court Division, Twenty-Fifth Judicial District, be removed from office. Heard in the Supreme Court 14 May 2001.

*William N. Farrell, Jr., Special Counsel, for the Judicial Standards Commission.*

*Sigmon, Sigmon & Isenhower, by W. Gene Sigmon; and Sigmon, Clark, Mackie, Hutton, Hanvey & Ferrell, P.A., by E. Fielding Clark, II, and Forrest A. Ferrell, for respondent-appellant.*

ORDER.

The following facts are based upon the record as tendered by the Judicial Standards Commission and the transcript of the proceedings before it: On 18 March 1999, the Commission, in accordance with its Rule 7, notified respondent that it had ordered a preliminary investigation to determine if it should institute formal proceedings against him under Rule 9 of the Rules of the Judicial Standards Commission. On 4 August 1999 and 24 September 1999, the Commission advised respondent that it had expanded the preliminary investigation to include additional allegations of misconduct and told respondent what specific allegations it would investigate. It also informed him that the investigation would remain confidential in accordance with N.C.G.S. § 7A-377 and Commission Rule 4 and that he had the right to present any relevant matters for the Commission's consideration.

On 14 September 2000, the Commission filed a formal notice of complaint and a complaint; respondent was served with these documents on 20 September 2000. In its complaint, the Commission explained that it had concluded that formal proceedings should be instituted against respondent. Respondent filed an answer on 6 October 2000, categorically denying the allegations that he had committed any act or made any statement that legally or ethically constitutes grounds for removal from office.

While the preliminary investigation dealt with three separate and unrelated incidents, the complaint and hearing dealt with only two of

**IN RE HAYES**

[353 N.C. 511 (2001)]

the matters investigated.[1] The complaint and hearing addressed allegations that respondent acted improperly towards a fellow judge at a private party and allegations that respondent acted improperly towards a deputy clerk of court in respondent's chambers. Only the allegations concerning the deputy clerk, however, formed the basis of the Commission's recommendation to remove respondent from office.

The proceedings leading up to the formal hearing produced numerous controversies. Those controversies included the quashing of a subpoena compelling the appearance of Larry A. Ballew, a resident of Georgia and an attorney licensed to practice law in North Carolina. Those controversies also included the admission of evidence at the hearing concerning respondent's alleged verbal misconduct toward Judge Nancy Einstein at a private party.

After conducting a formal hearing in this matter, the Commission found facts and concluded that respondent's conduct as found by the Commission constituted:

a. conduct in violation of Canons 1, 2A, and 3A(3) of the North Carolina Code of Judicial Conduct;

b. conduct prejudicial to the administration of justice that brings the judicial office into disrepute as defined in *In re Edens*, 290 N.C. 299, 226 S.E.2d 5 (1976); and

c. willful misconduct in office as defined in *In re Nowell*, 293 N.C. 235, 237 S.E.2d 246 (1977).

The Commission then recommended to this Court that we remove respondent from his position as judge.

The Judicial Standards Commission is created by statute. N.C.G.S. § 7A-375 (1999). It investigates complaints against sitting judges and candidates for judicial office. It can compel the attendance of witnesses and the production of evidence; conduct a hearing; and recommend to this Court what disciplinary action, if any, should be taken. N.C.G.S. § 7A-377(a) (1999). The Commission " 'functions as an arm of the Court to conduct hearings for the purpose of aiding the Supreme Court in determining whether a judge is unfit or unsuitable.' " *In re Tucker*, 348 N.C. 677, 679, 501 S.E.2d 67,

---

1. We note, however, that respondent, in his answer, alleges that the three individuals involved in these separate events had conspired to wrongfully remove the respondent from office.

69 (1998) (quoting) *In re Hardy*, 294 N.C. 90, 97, 240 S.E.2d 367, 372 (1978)). However, final authority to discipline judges lies solely with the Supreme Court. *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979). "The Supreme Court may approve the recommendation, remand for further proceedings, or reject the recommendation." N.C.G.S. § 7A-377(a).

When reviewing recommendations from the Commission this Court sits not as an appellate court, but rather as a court of original jurisdiction. *In re Peoples*, 296 N.C. at 147, 250 S.E.2d at 912. Thus, this Court may adopt the Commission's findings of fact if they are supported by clear and convincing evidence, or it may make its own findings. *In re Hardy*, 294 N.C. at 98, 240 S.E.2d at 373. In the case of *In re Nowell*, 293 N.C. 235, 237 S.E.2d 246, this Court rejected a claim that the Commission's combination of investigative and judicial functions violated respondent's due process rights under both the federal and North Carolina Constitutions. The basis for the Court's decision upholding constitutionality was that the Commission's "recommendations are not binding upon the Supreme Court, which will consider the evidence of both sides and exercise its independent judgment as to whether it should censure, remove, or decline to do either." *Id.* at 244, 237 S.E.2d at 252. In the words of the Texas Supreme Court, "Any alleged partiality of the Commission is cured by the final scrutiny of this adjudicative body." *In re Brown*, 512 S.W.2d 317, 321 (Tex. 1974). Thus, the key requirement supporting a determination of the constitutionality of the Commission's procedure is that this Court exercise independent judgment and not merely rely upon the Commission's findings, conclusions, and recommendations.

Respondent contends that the Commission committed numerous procedural and constitutional violations. We decline to address these arguments at this time and instead remand this case for a rehearing for the reasons stated below. While we give great respect to the findings of the Commission, this case rests on the allegations of the deputy clerk that respondent physically assaulted her and made inappropriate sexual remarks in the privacy of the judge's chamber. This case turns on the credibility of the two antagonists, only one of whom is telling the truth. The evidence now before us in the form of a written record is such that the Court concludes that it cannot properly carry out its responsibilities for independently evaluating the evidence.

**IN RE HAYES**

[353 N.C. 511 (2001)]

As Justice I. Beverly Lake, Sr., acknowledged in a separate opinion in the disciplinary case of *In re Hardy*, removal of a judge is a matter of the most serious consequences where

> [the judge] is, thereby, not only deprived of the honor, power and emoluments of the office for the remainder of his term, but is also permanently disqualified from holding further judicial office in this State and G.S. 7A-376 expressly provides that he "receives no retirement compensation," regardless of how many years he has served with fidelity and distinction or how much he has paid into the State Retirement Fund pursuant to the provisions of the Retirement Act.

*In re Hardy*, 294 N.C. at 100-01, 240 S.E.2d at 374 (Lake, J., concurring in part and dissenting in part). Justice Lake added:

> The more serious consequence is that the people, who elected him to be their judge, are deprived of his services for the remainder of his term. It is not a light thing for this Court to assume the power to say to the people of North Carolina, "You have lawfully elected this judge, but we have determined that he cannot serve you."

*Id.* at 101, 240 S.E.2d at 374-75.

Therefore, we remand the matter to the Judicial Standards Commission for further proceedings not inconsistent with this order. Such proceedings shall be conducted and a recommendation, if any, made to this Court as quickly as possible.

Furthermore, because the decision by this Court must rest on our own independent evaluation of the testimony of the two critical witnesses in this case, we instruct the Commission as follows:

(1) The Commission shall videotape all testimony pertaining to the two alleged incidents involving the deputy clerk.

(2) The Commission shall also videotape and consider all other relevant evidence, admissible under the Rules of Evidence, that bears upon the allegations made by the deputy clerk.

(3) The Commission shall hear only evidence relevant to the allegations of the deputy clerk. The Commission, having previously determined that "there was not clear and convincing evidence to support the allegations" as to the alleged incident between respondent

and Judge Einstein, should not consider evidence as to that allegation at the rehearing.

(4) We reverse the decision to quash the subpoena for attorney Larry A. Ballew.

So ordered by the Court in Conference, this the 7th day of June, 2001.

s/G. K. Butterfield, Jr., J.
For the Court