IN RE: INQUIRY CONCERNING A JUDGE, NO. 05-158
THEODORE S. ROYSTER, JR., Respondent

No. 608A06

(Filed 24 August 2007)

**Judges— censure—*ex parte* hearing and order**

A district court judge is censured by the Supreme Court for conduct in violation of Canons 1, 2A and 3A(4) of the N.C. Code of Judicial Conduct for participating in an *ex parte* conference with a defendant's attorney and entering an order as a result thereof, without notice to plaintiff and without taking evidence, striking an order entered by another district court judge which had found defendant in contempt for failure to comply with child support orders and had ordered his arrest.

This matter is before the Court pursuant to N.C.G.S. § 7A-376 upon a recommendation by the Judicial Standards Commission entered 2 November 2006 that respondent Theodore S. Royster, Jr., a Judge of the General Court of Justice, District Court Division, Twenty-Second Judicial District of the State of North Carolina, be censured for conduct in violation of Canons 1, 2A, and 3A(4) of the North Carolina Code of Judicial Conduct and for conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376. Heard in the Supreme Court 10 April 2007.

*Robert C. Montgomery and Amy C. Kunstling, Special Counsels, for the Judicial Standards Commission.*

*Law Offices of J. Calvin Cunningham, by J. Calvin Cunningham and Nicholas D. Wilson, for respondent.*

ORDER OF CENSURE

On 2 November 2006, the Judicial Standards Commission (Commission) recommended that the Supreme Court censure respondent for participating in an *ex parte* conference with a defendant's attorney and entering an order as a result thereof, without notice to the plaintiff and without taking evidence.

On 17 May 2006, the Commission's counsel filed a complaint alleging that respondent "engaged in conduct inappropriate to his judicial office." In particular, it alleged that on 13 July 2005, respond-

ent participated in an *ex parte* conference with an attorney representing a defendant in an action in Iredell County District Court to recover unpaid child support. As a result of this conference, respondent entered an order striking an earlier order which had been entered by a different district court judge and had found defendant in contempt. The complaint to the Commission further alleged that respondent's actions "constitute conduct prejudicial to the administration of justice that brings the judicial office into disrepute, in violation of N.C.G.S. § 7A-376, and are in violation of Canons 1, 2A, and 3A(4) of the North Carolina Code of Judicial Conduct." Respondent did not file an answer, but sent a letter to the Commission while the matter was under investigation stating that he believed the trial court has inherent authority to enter *ex parte* orders "to prevent irreparable harm to an individual as well as to prevent a possible violation of an individual's civil rights and liberty."

On 2 November 2006, the Commission filed its recommendation, which included the following findings of fact made at its 6 October 2006 hearing on the complaint:

2. Tanya (Moore) Bennett is the plaintiff in an action pending in the District Court Division of the General Court of Justice, Iredell County, entitled *Tanya (Moore) Bennett v. Lester Wayne Moore, II*, 01CVD822, in which Ms. Bennett sought, *inter alia*, child support for the parties' two minor children. Throughout the course of the proceeding, Ms. Bennett has been required to file numerous motions due to Mr. Moore's noncompliance with child support orders. On many of those occasions, she has appeared *pro se*.

3. On or about 20 April 2005, Ms. Bennett filed a Motion to Show Cause alleging Mr. Moore was in arrears more than $29,000.00; an order was issued by the Assistant Clerk of Superior Court of Iredell County ordering Mr. Moore to appear on 23 May 2005 and show cause why he should not be found in contempt for his failure to comply with the Court's child support order. The motion and order were served on Mr. Moore by registered or certified mail on 29 April 2005.

4. A hearing was held on Ms. Bennett's motion before the Honorable James M. Honeycutt on 23 May 2005. Ms. Bennett was present and appeared *pro se*. Mr. Moore was neither present nor represented. After hearing evidence, Judge Honeycutt entered an order finding that Mr. Moore had been properly served with the

IN RE ROYSTER

[361 N.C. 560 (2007)]

motion, was residing in Kentucky, and had failed to pay child support as ordered. Judge Honeycutt concluded that Mr. Moore was in contempt for failing to pay child support and ordered that he pay ongoing child support for the months of June, July, and August 2004, pay toward his arrearage on a monthly basis, and that he "purge himself of contempt by paying the sum of $1741.35 on or before the 30th day after the filing of this order . . . [and] by paying each monthly payment toward his arrearage in the sum of $580.45. If defendant fails to make any of these payments, on application of the plaintiff, an order for arrest shall issue for [Mr. Moore] and he shall be held in the Iredell County Jail until he purges himself of contempt by paying his arrearage in full."

5. On 28 June 2005, Judge Honeycutt entered an order in which he found that Mr. Moore had failed to make the payment ordered in the 23 May 2005 order, adjudged Mr. Moore in willful contempt, and issued an order for Mr. Moore's arrest and commitment to the Iredell County Jail until "he may purge himself by paying his arrearages in full, $18,530.61."

6. On 13 July 2005, attorney William M. Willis, IV filed a motion to strike Judge Honeycutt's order for Mr. Moore's arrest and to set aside Judge Honeycutt's orders adjudging Mr. Moore to be in contempt. The motion was not served on Ms. Bennett until 22 July 2005.

7. Notwithstanding Mr. Willis's failure to serve the motion upon Ms[.] Bennett, he presented the motion to respondent *ex parte* on 13 July 2005. Respondent engaged in an[]*ex parte* conference with Mr. Willis on 13 July 2005 and entered an order striking the 28 June 2005 order of Judge Honeycutt adjudicating Mr. Moore to be in contempt and recalling the order for Mr. Moore's arrest.

The Commission also found that "[t]he relief requested by Mr. Willis and granted by Judge Royster was not of a nature properly considered *ex parte* under the laws of North Carolina." Based on these findings, the Commission concluded "on the basis of clear and convincing evidence that respondent's conduct constitutes conduct in violation of Canons 1, 2A and 3A(4) of the North Carolina Code of Judicial Conduct and is conduct prejudicial to the administration of justice which brings the judicial office into disrepute."

In his brief to this Court, respondent does not deny that he entered the *ex parte* order without notice to the plaintiff and without

IN RE ROYSTER

[361 N.C. 560 (2007)]

taking evidence. Instead, he argues that because he believed that the defendant did not have proper notice of the previous hearings, he was obligated to protect the defendant's due process rights by striking the earlier order. Respondent also contends that his actions were allowed by N.C.G.S. § 50-13.5, which permits *ex parte* orders for temporary custody and support of minor children pending the issuance of a permanent order. N.C.G.S. § 50-13.5(d)(2) (2005); *Regan v. Smith*, 131 N.C. App. 851, 852-53, 509 S.E.2d 452, 454 (1998). Although the underlying facts are not in dispute, the pivotal issue is whether an *ex parte* order was appropriate in these circumstances.

It is well established that one superior court judge may not ordinarily modify, overrule, or change the judgment or order of another superior court judge previously entered in the same case. *Calloway v. Ford Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972). This rule also applies to district court judges. *See Town of Sylva v. Gibson*, 51 N.C. App. 545, 548, 277 S.E.2d 115, 117, *appeal dismissed and disc. review denied*, 303 N.C. 319, 281 S.E.2d 659 (1981).

In the past this Court has emphasized that the *ex parte* disposition of a case can amount to conduct prejudicial to the administration of justice, which can, in turn, potentially bring the judicial office into disrepute. *In re Martin*, 295 N.C. 291, 303, 245 S.E.2d 766, 773 (1978). Respondent here argues that his actions were driven entirely by the desire to see justice done. However, a determination of disrepute "depends not so much upon the judge's motives but more on the conduct itself, the results thereof, and the impact such conduct might reasonably have upon knowledgeable observers." *In re Crutchfield*, 289 N.C. 597, 603, 223 S.E.2d 822, 826 (1975). Any conduct prejudicial to the administration of justice warrants censure, although the conduct may not be as serious as wilful misconduct. *In re Peoples*, 296 N.C. 109, 157, 250 S.E.2d 890, 918 (1978).

Thus, the issue here concerns respondent's conduct, not his motives. Canon 3A(4) specifically states that a "judge should accord to every person . . . or the person's lawyer, full right to be heard and, except as authorized by law, neither knowingly initiate nor knowingly consider *ex parte* or other communications concerning a pending proceeding." Respondent's conduct runs counter to this Canon. His action in setting aside Judge Honeycutt's order in an *ex parte* proceeding enabled Mr. Moore to evade his child support obligations. Mr. Moore has subsequently vanished, causing problems to the other party, who had obtained an order in her favor. Seen in this light, we conclude that respondent has engaged in conduct prejudicial to the

administration of justice, so as to bring his judicial office into disre-. pute, regardless of his good intentions. *In re Nowell*, 293 N.C. 235, 249-50, 237 S.E.2d 246, 255 (1977).

Although recommendations of the Judicial Standards Commission are not binding on this Court, *Nowell*, 293 N.C. at 244, 237 S.E.2d at 252, this Court "may adopt the Commission's findings of fact if they are supported by clear and convincing evidence." *In re Hayes*, 353 N.C. 511, 514, 546 S.E.2d 376, 378 (2001), *cause dismissed*, 356 N.C. 389, 584 S.E.2d 260 (2002). After carefully reviewing the record and transcript, we conclude that the Commission's findings are supported by clear and convincing evidence. We further conclude that respondent's actions constitute conduct prejudicial to the administration of justice that brings the judicial office into disrepute, N.C.G.S. § 7A-376, and that respondent's conduct violates Canons 1, 2A, and 3A(4) of the North Carolina Code of Judicial Conduct.

Therefore, pursuant to N.C.G.S. §§ 7A-376 and 7A-377 and Rule 3 of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission, it is ordered that respondent Theodore S. Royster, Jr. be censured for conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376 and which violates Canons 1, 2A, and 3A(4).

By order of the Court in Conference, this 23rd day of August, 2007.

s/Hudson, J.
For the Court