IN THE MATTER OF: THOMAS TRACY WHISNANT, DATE OF BIRTH: 9/8/74

No. 8425DC273

(Filed 20 November 1984)

**Rules of Civil Procedure §§ 52, 63— order terminating parental rights—heard by one judge—signed by another—nullity**

An order terminating parental rights was signed without authority and is a nullity where the judge signing the order was not present at the hearing and the presiding judge was not disabled and did not make findings of fact. G.S. 1A-1, Rule 52; G.S. 1A-1, Rule 63.

---
**In re Whisnant**
---

APPEAL by respondent from *Tate, Judge.* Judgment entered 28 December 1983 in District Court, BURKE County. Heard in the Court of Appeals 23 October 1984.

*Powell, Triggs, Clontz & Alexander, P.A., by Douglas F. Powell, for petitioner appellee Department of Social Services.*

*Cox and Gage, by Robert H. Gage, for respondent appellant Thomas Eugene Whisnant.*

VAUGHN, Chief Judge.

This appeal arises from a petition filed by the Burke County Department of Social Services to terminate the parental rights of the mother and father of Thomas Tracy Whisnant. The Department of Social Services was not represented at trial.

The appellant in this case is the father of the child, who contends that it was reversible error for a different judge from the judge who presided at the hearing to sign the order terminating parental rights. We agree. The record shows that Judge Tate stated that although the evidence did not support a finding of neglect, there existed good grounds for terminating respondent's parental rights, namely, non-payment of any child support during the six months next preceding the filing of the petition. Judge Tate also stated that he believed the best interest of the child would be served by the termination of parental rights, and then asked the attorney appearing as guardian *ad litem* on behalf of the child to "prepare an order with the appropriate findings . . . [r]eflecting the broad findings that I announced."

On 28 December 1983, Judge Edward J. Crotty signed the documents that disposed of the case, *i.e.*, the adjudication order and the disposition order. The former contained detailed findings of fact and conclusions of law relating to the termination of respondent's parental rights, and the latter terminated those rights. *See* G.S. 7A-289.30, -.31. Both orders recited that the cause had been heard before Judge Crotty on 20 October 1983, that judgment had been entered on that date, and the order was signed on 28 December 1983. Judge Tate was not mentioned in either order. The orders were filed on 29 December 1983. The record includes a stipulation signed by counsel for all parties that Judge Tate alone presided over the 20 October 1983 hearing, and

that Judge Crotty was not present. Judge Crotty was without authority to sign the order terminating respondent's parental rights and the order he signed is a nullity. Our decision is not merely consistent with the Rules of Civil Procedure; it is mandated by them.

Rule 52 governs findings by the court in non-jury proceedings. This Rule requires the trial court in such proceedings to do three things: (1) find facts on all issues of fact joined on the pleadings, (2) declare conclusions of law arising on the facts found, and (3) to enter judgment accordingly. *Coggins v. City of Asheville*, 278 N.C. 428, 180 S.E. 2d 149 (1971). This is because when a trial judge sits as "both judge and juror," as he or she does in a non-jury proceeding, it is that judge's duty to weigh and consider all competent evidence, and pass upon the credibility of the witnesses, the weight to be given their testimony and the reasonable inferences to be drawn therefrom. *Knutton v. Cofield*, 273 N.C. 355, 160 S.E. 2d 29 (1968). Judge Tate presided over the hearing and then announced in open court that respondent's parental rights were terminated. This is not sufficient compliance with the obligations imposed by Rule 52.

Finally, Rule 63, entitled "Disability of a Judge," reads in pertinent part as follows:

> If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules *after* a verdict is returned or *findings of fact and conclusions of law are filed*, then those duties may be performed: [those judges with authority to perform such duties are then listed].

Rule 63, N.C. Rules Civ. Proc. (*emphasis added*). Rule 63 does not apply to the situation before us. This is true for two reasons. Judge Tate was neither disabled nor did he ever make findings of fact. The function of a substitute judge is thus ministerial rather than judicial. As this Court observed:

> Rule 63 does not contemplate that a substitute judge, who did not hear the witnesses and participate in the trial, may nevertheless participate in the decision making process. It contemplates only . . . [performing] such acts as are

necessary under our rules of procedure to effectuate a decision already made. Under our rules, where a case is tried before a court without a jury, findings of fact and conclusions of law sufficient to support a judgment are essential parts of the decision making process.

*Bank v. Easton*, 12 N.C. App. 153, 155, 182 S.E. 2d 645, 646, *cert. denied*, 279 N.C. 393, 183 S.E. 2d 245 (1971). *Accord, Arrow-Hart, Inc. v. Philip Carey Co.*, 552 F. 2d 711 (6th Cir. 1977); *Ten-O-Win Amusement Co. v. Casino Theater*, 2 F.R.D. 242 (N.D. Cal. 1942) (both interpreting substantially similar federal rule).

Placement of this child has been delayed for no reason. In fairness to Judge Tate, we note that there is nothing to indicate that a proposed judgment was ever tendered to him. We, however, have no choice.

If Judge Tate is available for assignment, the case will be heard by him. He may consider the transcript of the evidence heretofore heard by him and may take such additional evidence, reports or assessments as he may find to be in the interest of the child to reflect any adjustment made by the child or change in the circumstances during the period of time since the hearing on 20 October 1983. If Judge Tate is not available for assignment to the case, there shall be a hearing *de novo*.

Vacated and remanded.

Judges BRASWELL and EAGLES concur.