IN RE: KENDRA LYNETTE SAVAGE, A MINOR CHILD
IN RE: KELLY DAWN SAVAGE, A MINOR CHILD

No. COA03-267

(Filed 2 March 2004)

**Termination of Parental Rights— order signed by judge other than one presiding over hearing—nullity**

The orders terminating respondent mother's parental rights are vacated and the case is remanded for a new trial, because: (1) the orders were signed by a judge who did not preside over the parental rights termination hearing; and (2) the presiding judge has since left office and is unavailable to render a decision in this case.

Appeal by respondent from orders entered 6 November 2002 by Judge Robert M. Brady in Catawba County District Court. Heard in the Court of Appeals 19 November 2003.

*No brief filed on behalf of petitioner-appellee.*

*Janet K. Ledbetter, for respondent-appellant.*

*No brief filed on behalf of Guardian ad Litem.*

GEER, Judge.

Respondent Marion B. Savage Coffey, the mother of the two children who are the subject of this case, appeals from orders terminating her parental rights. Because the orders were signed by a judge who did not preside over the parental rights termination hearing, we must reverse and remand for a new trial.

Petitioner Rodney Eugene Savage, the children's father, filed petitions to terminate Ms. Coffey's parental rights as to each child on 15 December 2000. The Honorable Jonathan L. Jones, then the Chief District Court Judge, presided at the hearing on those petitions on 17 September 2002. During the hearing, Judge Jones announced in open court certain findings of fact, his conclusion that grounds for termination existed based on failure to pay child support for one year prior to the filing of the petition, and his decision that termination of Ms. Coffey's parental rights was in the children's best interest. Judge Jones requested that Mr. Savage's attorney prepare an order with proposed findings of fact.

The record on appeal contains an adjudicatory order and a dispositional order for each child dated 31 October 2002 and filed 6 November 2002, purportedly terminating Ms. Coffey's parental rights. These orders were not, however, signed by Judge Jones, but rather by District Court Judge Robert M. Brady.

Although the orders signed by Judge Brady state that the hearing was held before "the undersigned Judge," the certified transcript, which is a part of the record, states that Judge Jones presided. A certified record "imports verity" and the Court is bound by the record as certified. *State v. Johnson,* 295 N.C. 227, 233, 244 S.E.2d 391, 395 (1978) (Supreme Court bound by the certified record, even where confusing jury instruction appeared to have been erroneously transcribed). Additionally, the parties' designation of this transcript as part of the record on appeal without any limitation is binding. *Rogers v. Rogers,* 265 N.C. 386, 387-88, 144 S.E.2d 48, 49 (1965) ("We do not

believe the able judge who tried this case charged the jury in the manner in which the charge is set out in the record. Even so, counsel for the respective parties agreed to the case on appeal and we are bound by it."). The record, therefore, established that the judge who signed the orders terminating Ms. Coffey's parental rights was not the same judge who heard the evidence.

*In re Whisnant,* 71 N.C. App. 439, 322 S.E.2d 434 (1984) is dispositive of this appeal. In *Whisnant,* this Court held that an order terminating parental rights was a "nullity" when signed by a judge other than the one who presided over the hearing. *Id.* at 441, 322 S.E.2d at 435. The Court pointed out that Rule 52 of the Rules of Civil Procedure requires a judge presiding over a non-jury trial to (1) make findings of fact, (2) state conclusions of law arising on the facts found, and (3) enter judgment accordingly. *Id. Whisnant* confirms that the requirements of Rule 52 are not met when the presiding judge simply announces his decision in open court without ever reducing that decision to writing and filing it. *Id.*

As the *Whisnant* Court noted, Rule 63 of the Rules of Civil Procedure contemplates some instances in which a judge may sign an order for another judge. *Id.* Rule 63 currently provides:

> If by reason of death, sickness or other disability, resignation, retirement, expiration of term, removal from office, or other reason, a judge before whom an action has been tried or a hearing has been held is unable to perform the duties to be performed by the court under these rules after a verdict is returned or a trial or hearing is otherwise concluded, then those duties, including entry of judgment, may be performed:
>
> . . . .
>
> (2) In actions in the district court, by the chief judge of the district, or if the chief judge is disabled, by any judge of the district court designated by the Director of the Administrative Office of the Courts.
>
> If the substituted judge is satisfied that he or she cannot perform those duties *because the judge did not preside at the trial or hearing* or for any other reason, the judge may, in the judge's discretion, grant a new trial or hearing.

N.C. Gen. Stat. § 1A-1, Rule 63 (2003) (emphasis added). The function of a substitute judge under this rule is "ministerial rather than judicial." *Whisnant,* 71 N.C. App. at 441, 322 S.E.2d at 435.

This Court explained in *Whisnant*:

"Rule 63 does not contemplate that a substitute judge, who did not hear the witnesses and participate in the trial, may nevertheless participate in the decision making process. It contemplates only . . . [performing] such acts as are necessary under our rules of procedure to effectuate a decision already made. Under our rules, where a case is tried before a court without a jury, findings of fact and conclusions of law sufficient to support a judgment are essential parts of the decision making process."

*Id.* at 441-42, 322 S.E.2d at 435 (quoting *Girard Trust Bank v. Easton*, 12 N.C. App. 153, 155, 182 S.E.2d 645, 646, *cert. denied*, 279 N.C. 393, 183 S.E.2d 245 (1971)).

Because the orders terminating Ms. Coffey's parental rights were not signed by the presiding judge, we must vacate those orders. Respondent represents that Judge Jones has since left office and is unavailable to render a decision in this case on remand. We are therefore left with no choice but to remand this case for a hearing *de novo*. *Id.* at 442, 322 S.E.2d at 436. Resolution of the important issues in this case have been unnecessarily delayed.

Because of our resolution of this appeal, we need not address respondent's other assignments of error.

Vacated and Remanded.

Chief Judge MARTIN and Judge HUNTER concur.