An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-752
NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

IN THE MATTER OF:

N.K.                                   Mecklenburg County
                                       No. 13 JA 07


Appeals by respondent-mother and Mecklenburg County Department of Social Services, Division of Youth and Family Services from order entered 3 May 2013 by Judge Donald R. Cureton in Mecklenburg County District Court. Heard in the Court of Appeals 7 January 2014.

> *Senior Associate Attorney Twyla Hollingsworth-Richardson for Mecklenburg County Department of Social Services, Division of Youth and Family Services, petitioner.*
>
> *Mercedes O. Chut for respondent-mother.*
>
> *Administrative Office of the Courts, by Appellate Counsel Tawanda N. Foster, for guardian ad litem.*

McCULLOUGH, Judge.

Respondent-mother appeals from the trial court's order adjudicating the minor child, N.K. ("Nancy")[1] neglected.

---

[1] A pseudonym is used to protect the privacy of the juvenile.

Mecklenburg County Department of Social Services, Division of Youth and Family Services ("YFS") cross-appeals.

On 7 January 2013, YFS filed a juvenile petition alleging Nancy was abused and neglected. The petition stated that YFS received a referral on 3 January 2013 alleging respondent-mother improperly disciplined Nancy and that marks left on Nancy were inflicted by non-accidental means. The matter came on for hearing on 19 and 26 March 2013. At the conclusion of the adjudication hearing, the trial court found "by clear and convincing evidence that [N.K.] is neglected only." The trial court entered a written adjudication and disposition order on 5 April 2013, and entered an amended adjudication and disposition order on 3 May 2013. Respondent-mother filed written notice of appeal on 6 May 2013. YFS filed written notice of appeal on 14 May 2013.

We first address respondent-mother's argument on appeal. Respondent-mother's sole argument is that the trial court erred in concluding Nancy was neglected where said conclusion is not supported by the findings of fact or evidence.

"The role of this Court in reviewing a trial court's adjudication of neglect and abuse is to determine '(1) whether the findings of fact are supported by "clear and convincing

evidence," and (2) whether the legal conclusions are supported by the findings of fact[.]'" *In re T.H.T.*, 185 N.C. App. 337, 343, 648 S.E.2d 519, 523 (2007) (quoting *In re Gleisner*, 141 N.C. App. 475, 480, 539 S.E.2d 362, 365 (2000)), *aff'd as modified*, 362 N.C. 446, 665 S.E.2d 54 (2008). "If such evidence exists, the findings of the trial court are binding on appeal, even if the evidence would support a finding to the contrary." *Id*. In the present case, respondent-mother does not challenge the trial court's findings of fact, and they are deemed supported by competent evidence and are binding on appeal. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).

A neglected juvenile is defined as:

> A juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law.

N.C. Gen. Stat. § 7B-101(15) (2011). Here, according to respondent-mother, Nancy was injured when she fell from her bunk bed on 3 January 2013. Sometime around 12:30 a.m., respondent-mother heard a thud coming from Nancy's room and upon entering the room she saw Nancy on the floor near the ladder attached to

her bunk bed. Nancy was on her left side and crying. Respondent-mother observed a scratch on the left side of Nancy's face and redness on Nancy's legs. Respondent-mother did not seek medical treatment "due to the cold temperature outside and the late hour."

Nancy went to school the next morning; however, the school nurse called respondent-mother because Nancy complained of pain. The school nurse observed swelling of Nancy's hand and bruising on her neck. The nurse suggested that respondent-mother take Nancy to the doctor.

Respondent-mother took Nancy to her pediatrician, Dr. Jennifer Colyer. Dr. Colyer "observed extensive bruising, red linear marks on the child's left back, and interior left chest. She observed similar marks on the child's left arm, left thigh, outer left calf, inner right calf, and observed an abrasion on her left cheek." Dr. Colyer "believed that the injuries needed further investigation and suggested that the child be taken to the emergency room for further evaluation." Dr. Colyer "was concerned that the school had to bring the injuries to the mother's attention, that the mother did not seek medical attention the previous night and that injuries may not be consistent with a fall from a bunk bed."

We conclude that the evidence and findings of fact show that respondent-mother failed to seek necessary medical treatment for Nancy, and that respondent-mother's failure to seek necessary medical treatment constitutes neglect. *See In re S.W.*, 187 N.C. App. 505, 507, 653 S.E.2d 425, 426 (2007) (holding that respondents' "failure to obtain medical attention for the[ir] child constitutes neglect per the statute."). Thus, the trial court did not err in concluding that Nancy is a neglected juvenile as defined by N.C. Gen. Stat. § 7B-101(15).

We now turn to YFS's argument. YFS contends the trial court erred by failing to conclude that Nancy was an abused juvenile as defined by N.C. Gen. Stat. § 7B-101(1).

"The adjudicatory hearing shall be a judicial process designed to adjudicate the existence or nonexistence of any of the conditions alleged in a petition." N.C. Gen. Stat. § 7B-802 (2011). "[W]hen a trial court is required to adjudicate allegations of abuse, neglect, or dependency, it must either adjudicate the juvenile as abused, neglected, or dependent if the allegations are proven by clear and convincing evidence or dismiss the allegation if the necessary evidentiary showing is not made." *In re T.B.*, 203 N.C. App. 497, 507, 692 S.E.2d 182, 188-89 (2010).

An abused juvenile is defined, in part, as:

> Any juvenile less than 18 years of age whose parent, guardian, custodian, or caretaker:
>
> a. Inflicts or allows to be inflicted upon the juvenile a serious physical injury by other than accidental means;
>
> b. Creates or allows to be created a substantial risk of serious physical injury to the juvenile by other than accidental means[.]

N.C. Gen. Stat. § 7B-101(1) (2011). Since the Juvenile Code does not define "serious physical injury," this Court has relied upon the definition provided by N.C. Gen. Stat. § 14-318.4, the felony child abuse statute. *See In re L.T.R.*, 181 N.C. App. 376, 381, 639 S.E.2d 122, 125-26 (2007) (finding Court's reasoning in *State v. Romero*, 164 N.C. App. 169, 595 S.E.2d 208 (2004), on what constitutes serious physical injury for purposes of felony child abuse instructive in Chapter 7B abuse cases). Under the felony child abuse statute, serious physical injury is "injury that causes great pain and suffering." N.C. Gen. Stat. § 14-318.4(d)(2) (2011). "[W]hether an injury is serious is generally a question for the [trier of fact] 'because the nature of an injury is dependant [sic] upon the relative facts of each case[.]'" *In re L.T.R.*, 181 N.C. App. at 382, 639 S.E.2d at 126

(quoting *State v. Romero*, 164 N.C. App. 169, 172, 595 S.E.2d 208, 211).

> "[W]hen a trial judge sits as 'both judge and juror,' as he or she does in a non-jury proceeding, it is that judge's duty to weigh and consider all competent evidence, and pass upon the credibility of the witnesses, the weight to be given their testimony and the reasonable inferences to be drawn therefrom."

*In re Whisnant*, 71 N.C. App. 439, 441, 322 S.E.2d 434, 435 (1984) (citation omitted). In the present case, the trial court, in its capacity as the trier of fact, weighed the evidence and relevant facts and determined "by clear and convincing evidence that [N.K.] is neglected only." YFS's argument is overruled. The trial court's order is affirmed.

Affirmed.

Judges McGEE and DILLON concur.

Report per Rule 30(e).