An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e     P r o c e d u r e .

NO. COA13-850
NORTH CAROLINA COURT OF APPEALS

Filed:  4 February 2014

GLORIA T. HAIRSTON,
        Plaintiff,

v.                                      Forsyth County
                                        No. 11 CVS 851
JOHN W. COLLINS, JR.,
        Defendant.


Appeal by plaintiff from judgment entered 12 April 2013 by Judge William Z. Wood, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 6 January 2014.

> *Gloria T. Hairston, pro se, for plaintiff-appellant.*

> *J.E. Thornton, P.A., by Jack E. Thornton, Jr. and J. Alex Thornton, for defendant-appellee.*

MARTIN, Chief Judge.

Plaintiff Gloria T. Hairston appeals from a judgment denying any recovery against defendant John W. Collins, Jr. and taxing her with the costs.  We affirm.

In February 2011, plaintiff filed a complaint against defendant alleging that defendant committed intentional fraud and misrepresentation, negligent misrepresentation, and unfair

and deceptive trade practices against plaintiff when, on or about 1 August 2010, defendant sold plaintiff a 2000 BMW 338CI automobile for the purchase price of $5,000.00. Plaintiff alleged that two days after she purchased the vehicle from defendant, the vehicle failed inspection "for major defects that make the vehicle unsafe to be on the road." She further alleged that, after taking the vehicle to the Autobahn Service Center in Clemmons, North Carolina, plaintiff "discovered that the vehicle had major problems, requiring major repair at a substantial cost," that "the vehicle's major deficiencies and repair needs were known by Autobahn prior to her purchase on August 1, 2010, and were known by [d]efendant prior to the purchase on August 1, 2010," and that defendant "purposely and willfully made misrepresentations of material facts concerning the condition of the vehicle to [p]laintiff with the intent to deceive [p]laintiff concerning the actual defective condition of said vehicle." Plaintiff sought compensatory, punitive, and treble damages, as well as costs and fees, from defendant.

After hearing the matter without a jury, on 15 March 2012, the trial court entered a judgment in defendant's favor, after concluding that defendant did not commit intentional fraud, negligent misrepresentation, or unfair and deceptive trade practices against plaintiff when he sold her the vehicle.

Plaintiff appealed to this Court, which vacated the trial court's judgment and remanded the matter for further proceedings, because the judgment "d[id] not contain findings of fact sufficient to support [it]" in accordance with N.C.G.S. § 1A-1, Rule 52(a)(1). *Hairston v. Collins*, __ N.C. App. __, 737 S.E.2d 191, slip op. at 2, 4 (2013) (unpublished). Upon remand, on 12 April 2013 the trial court entered a new judgment in defendant's favor in which it made findings of fact, conclusions of law, and taxed costs to plaintiff. Plaintiff appeals.

_____

"The standard of review on appeal from a judgment entered after a non-jury trial is 'whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment.'" *Cartin v. Harrison*, 151 N.C. App. 697, 699, 567 S.E.2d 174, 176 (quoting *Sessler v. Marsh*, 144 N.C. App. 623, 628, 551 S.E.2d 160, 163, *disc. review and supersedeas denied*, 354 N.C. 365, 556 S.E.2d 577 (2001)), *disc. review denied*, 356 N.C. 434, 572 S.E.2d 428 (2002). "Findings of fact are binding on appeal if there is competent evidence to support them, even if there is evidence to the contrary." *Sessler*, 144 N.C. App. at 628, 551 S.E.2d at 163.

In her brief, plaintiff does not challenge whether the trial court's findings of fact support its conclusions that defendant "did not conceal a material fact and [that defendant] did not make a representation reasonably calculated to deceive [plaintiff]." Nor does plaintiff challenge on appeal whether the court's findings of fact support its conclusions that defendant "did not act intentionally or with recklessness to deceive [plaintiff]," that defendant "exercised reasonable care in ascertaining the operability of the BMW and in communicating such to [plaintiff]," or that defendant "did not commit an unfair or deceptive act upon [p]laintiff" and "did not act in willful and wanton disregard of the rights of [plaintiff] in the transaction in question." Instead, plaintiff purports to challenge only whether the evidence in the record supports the trial court's findings of fact:

> 4. During the time that Collins owned the BMW, multiple repairs were identified and completed including a problem with a wheel bearing of which Collins was aware at the time he purchased the vehicle.
>
> 5. Collins had all problems with the BMW that either existed at the time of purchase, or that arose during its daily use, repaired by mechanics.
>
> 6. The final and latest repair made to the BMW was performed by Autobahn Service Center on July 14, 2010. At that time, the engine light was on and was

> diagnosed by the mechanics at Autobahn as a problem with the exhaust cam sensor.
>
> 7. The sensor was replaced by Autobahn. After repairs were completed, everything was operable on the BMW including the engine light, and no other repairs were needed.
>
> 8. . . . Collins informed Hairston that he had done a lot of work to the BMW and that there were no problems with the vehicle of which he was aware. Collins also informed Hairston that he had all the maintenance records for the BMW.
>
> . . . .
>
> 12. At the time Collins sold the BMW to Hairston, there were no apparent problems with the BMW nor was Collins aware of any problems with the BMW.

However, a careful examination of the evidence in the record before us, especially in the context of plaintiff's arguments on appeal, reveals that there is competent evidence to support each of the challenged findings of fact, and that plaintiff's arguments merely urge this Court to reweigh the evidence presented to the trial court and to give greater consideration to testimony that is favorable to her claims. When a trial judge sits "as 'both judge and juror,' as he or she does in a non-jury proceeding, it is that judge's duty to weigh and consider all competent evidence, and pass upon the credibility of the witnesses, the weight to be given their testimony and the

reasonable inferences to be drawn therefrom." *In re Whisnant*, 71 N.C. App. 439, 441, 322 S.E.2d 434, 435 (1984) (quoting *Knutton v. Cofield*, 273 N.C. 355, 359, 160 S.E.2d 29, 33 (1968)). "If different inferences may be drawn from the evidence, [the trial judge] determines which inferences shall be drawn and which shall be rejected." *Knutton*, 273 N.C. at 359, 160 S.E.2d at 33. Thus, despite plaintiff's disputation of the evidence in defendant's favor, we decline her entreaty to disturb the trial court's findings because there is ample competent evidence in the record to support them, and they are, therefore, binding on appeal. *See Sessler*, 144 N.C. App. at 628, 551 S.E.2d at 163. Accordingly, and in the absence of any argument that the challenged findings failed to support the court's conclusions, we conclude that plaintiff's issues on appeal are without merit and we affirm the trial court's judgment.

Affirmed.

Judges ERVIN and McCULLOUGH concur.

Report per Rule 30(e).