ELMORE, Judge.
Respondent appeals from a review and permanency planning order, which ceased reunification efforts, set the permanent plan for her minor children A.L.P. and A.L.P. ("the juveniles") as guardianship, and awarded guardianship of the juveniles to their paternal grandparents. We affirm.
The Davidson County Department of Social Services ("DSS") became involved with respondent and the juveniles in December 2012 after the youngest child tested positive at birth for opiates and methadone. DSS asked respondent to obtain a substance abuse assessment and follow any treatment recommendations. Respondent never obtained the requested assessment, and was subsequently incarcerated for convictions of driving while impaired and misdemeanor breaking and entering. On 12 April 2013, DSS filed petitions alleging the juveniles were neglected and dependent, and assumed non-secure custody of the juveniles. DSS placed the juveniles with their paternal grandparents pursuant to a kinship agreement.
After a hearing held 27 June 2013, the trial court entered adjudication and disposition orders on 17 July 2013. Based upon the stipulations of respondent and the juveniles' father, DSS dismissed the allegations of neglect, and the trial court concluded that the juveniles were dependent. The court concluded that returning the juveniles to their parents would be contrary to their best interests and continued their custody with DSS. The court set a permanent plan of care for the juveniles of reunification with their parents and granted the parents supervised visitation. The court further ordered the parents to submit to substance abuse assessment, comply with treatment recommendations, submit to random drug screens, obtain and maintain a suitable residence, and obtain and maintain a steady source of income.
The trial court held a review and permanency planning hearing on 18 September 2013 and entered its order from that hearing on 23 October 2013. The court changed the permanent plan for the juveniles to reunification with a parent or custody with a relative. The court continued custody of the juveniles with DSS and reiterated the conditions for reunification established in its original disposition order.
This case came before Judge Jimmy L. Myers on 5 March 2014 for a second review and permanency planning hearing. At the conclusion of the hearing Judge Myers continued the matter until 30 April 2014, in order for the parties to gather more evidence regarding respondent's progress. Judge Myers stated that he wanted to see "clean drug screens" and "clarity" relating to respondent's criminal matters. Judge Myers entered a temporary order the day of the hearing, in which he continued custody of the juveniles with DSS, continued respondent's visitation as previously ordered, and directed respondent to obtain a substance abuse assessment and submit to random drug screens.
The matter came back before Judge Myers on 30 April 2014, but it was continued with the consent of the parties due to a scheduling conflict and "[t]o explore the possibility that the [paternal-]grandparents prefer to accept legal custody" of the juveniles." Judge Myers entered an order on 5 May 2014, directing that the matter be placed on the 14 May 2014 calendar.
The cause came on for hearing as scheduled on 14 May 2014, however, Judge Myers was unable to preside over the hearing due to a family emergency. Instead, Judge J. Rodwell Penry, Jr., presided over the hearing. Judge Penry inquired into the status of the hearing and, after discussing the matter with counsel, heard testimony from the paternal grandfather focused on granting custody or guardianship of the juveniles. Judge Penry also accepted a report from the guardian ad liteminto evidence.
Judge Penry entered a temporary order from the 14 May 2014 hearing that same day, and entered his permanent order on 29 July 2014. Judge Penry changed the permanent plan for the juveniles to guardianship with a relative, awarded guardianship to the juveniles' paternal grandparents, awarded visitation to the parents, relieved DSS from the obligation to make continued efforts toward reunification of the juveniles with their parents, and released DSS, the guardian ad litem,and the parents' attorneys from further involvement in this matter. Respondent filed timely notice of appeal from Judge Penry's order.
Respondent first argues that Judge Penry erred in entering a final order when he did not preside over the March and April portions of the review and permanency planning hearing. Respondent failed to object to Judge Penry presiding over the 14 May 2014 hearing, but argues that no objection is required to preserve this alleged error because Judge Penry acted contrary to a statutory mandate. See In re Taylor,97 N.C.App. 57, 61, 387 S.E.2d 230, 232 (1990) ("When, however, a judge acts in contravention of a statute to the prejudice of a party, the right to appeal is preserved notwithstanding the failure to enter an objection."). Respondent, however, has not identified any specific statutory mandate that Judge Penry violated, and has not preserved this argument for appeal. N.C.R.App. P. 10(a)(1) ("In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context."); see also Goodson v. P.H. Glatfelter Co.,171 N.C.App. 596, 606, 615 S.E.2d 350, 358 ("It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein."), disc. review denied,360 N.C. 63, 623 S.E.2d 582 (2005).
We note that in support of this argument, respondent has relied on two prior opinions from this Court, In re Savage,163 N.C.App. 195, 592 S.E.2d 610 (2004), and In the Matter of Whisnant,71 N.C.App. 439, 332 S.E.2d 434 (1984), neither of which is directly relevant to this issue. In both Savageand Whisnant,this Court held that an order terminating parental rights is a ity and must be vacated where it is signed by a judge other than the one who presided over the hearing and is not entered within the purview of Rule 63 of the North Carolina Rules of Civil Procedure. Savage,163 N.C.App. at 197-98, 592 S.E.2d at 611 ; Whisnant,71 N.C.App. at 441-42, 322 S.E.2d at 435-36 ; see alsoN.C. Gen.Stat. § 1A-1, Rule 63 (2013) (providing for the substitution of a presiding judge who cannot perform the duties of the trial court due to some disability). Here, however, Judge Penry presided over the last day of the hearing and his order is not a ity under Savageand Whisnant.Respondent failed to object to Judge Penry's presiding over the 14 May 2014 hearing, was present and represented by counsel at the hearing, and actively took part in the hearing. We hold that she waived any objection to Judge Penry's participation in the case and cannot raise this issue on appeal.
Respondent also argues that Judge Penry's order must be reversed because it impermissibly modified, overruled, or changed Judge Myer's temporary order entered from the 5 March 2014 hearing. See In re Royster,361 N.C. 560, 563, 648 S.E.2d 837, 840 (2007) ("It is well established that one [district] court judge may not ordinarily modify, overrule, or change the judgment or order of another [district] court judge previously entered in the same case.").
Respondent fails to state with any specificity how Judge Penry's final order improperly modified, overruled, or changed Judge Myer's temporary order and merely argues that Judge Meyer's order "established his intent and plan for the conclusion of the case and entry of his final [o]rder." Inasmuch as Judge Meyer's "intent and plan for the conclusion of the case" appears nowhere within his temporary order, Judge Penry's final order cannot be said to overrule Judge Meyer's non-specified "intent."
Moreover, Judge Penry's order implements the exact permanent plan of care for the juveniles (guardianship with a relative) that Judge Meyer decreed in his temporary order. Accordingly, respondent has not shown that Judge Penry's final order in any way modified, overruled, or changed Judge Meyer's temporary order, and we overrule this argument.
Respondent next claims that Judge Penry's final order must be reversed because DSS presented no evidence at the 15 May 2014 hearing and she did not agree or consent to all of the factual findings made in the order. Respondent's argument rests on her interpretation of Judge Penry's explanation of the scope of the hearing over which he presided:
This Court conducted an inquiry of all the parties to ascertain the actual issues before the court at this hearing. All parties agreed before the Court that there was an agreement as to all issues but one and that the only issue for consideration is whether the Court should appoint the paternal grandparents to serve as guardians of the person for the minor child or award custody to the paternal grandparents. Consequently, the Court would make limited findings from the record for the purposes of effectuating the parties' agreement as to the remaining recommendations and determined, in its discretion, to permit counsel for the respondent/mother and the guardian ad litemto be allowed to present evidence at this hearing.
In support of her argument, respondent relies on this Court's line of cases holding that a trial court may not enter a consent order in an abuse, neglect or dependency proceeding based on the consent of only one parent. See In re J.R.,163 N.C.App. 201, 202, 592 S.E.2d 746, 747 (2004) ; In re Shaw,152 N.C.App. 126, 130, 566 S.E.2d 744, 746-47 (2004) ; In re Thrift,137 N.C.App. 559, 563, 528 S.E.2d 394, 397 (2000) ; see alsoN.C. Gen.Stat. § 7B-801(b1) (2013) (setting forth the prerequisites for entering a consent adjudication, disposition, review, or permanency planning order).
We agree with respondent that the record before us contains no agreement or statement of consent from her or her counsel as to the resolution of the issues before Judge Penry at the 14 May 2014 review and permanency planning hearing. At the start of the hearing, counsel for respondent father stated that respondent father was in agreement with the recommendations of DSS and that respondent's counsel was also in agreement with the recommendations.
Respondent's counsel was silent as to her position regarding the recommendations and scope of the hearing, but did not object to the court's limiting the scope of the hearing and stated in closing that "we are fine with the DSS recommendations, Your Honor." Nevertheless, any agreement regarding the recommendations of DSS cannot support a consent order, because the recommendations were never before Judge Penry and thus there is nothing that establishes exactly what was agreed upon by the parties.[1]
Judge Penry, however, did not enter a consent order in this case. See McRary v. McRary,228 N.C. 714, 719, 47 S.E.2d 27, 31 (1948). His order does not rest upon any agreement by the parties and represents a judicial determination of the issues before the court and the rights of the parties. Accordingly, Judge Penry's mischaracterization of the effect of any agreement by the parties does not mandate reversal of his order as an invalid consent order. We overrule this argument.
Respondent next contends that Judge Penry erred in taking judicial notice of the case file. Respondent argues there is nothing in the record of the hearing that reflects Judge Penry's taking of such notice or that any party requested that he do so. Respondent contends that, because Judge Penry took judicial notice of the case file after the hearing concluded, she was denied the opportunity to be heard and present evidence on the matter. She further argues that the broad judicial notice taken by Judge Penry prevented her from making specific objections to the notice and precludes our review of the issues presented in this appeal.
It is well established that a trial judge "may take judicial notice of earlier proceedings in the same case," In re W.L.M. & B .J.M.,181 N.C.App. 518, 523, 640 S.E.2d 439, 442 (2007), and of findings of fact made in prior orders even where those findings are based on a lower evidentiary standard, because the court "is presumed to have disregarded any incompetent evidence." Id.(citation and quotation marks omitted).
The trial judge may take judicial notice "whether requested or not" and may take judicial notice "at any stage of the proceeding." N.C. Gen.Stat. § 8C-1, Rule 201(c), (f) (2013). A party is entitled "to an opportunity be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." N.C. Gen.Stat. § 8C-1, Rule 201(e) (2013). Where a party does not receive prior notice that a judge will take judicial notice of a particular fact, the party is entitled to request a post-decision hearing regarding the propriety of the judicial notice. Id.
Here, respondent did not receive any notice that Judge Penry was going to take judicial notice of the case file, and thus was required to request a post-decision hearing thereon. However, respondent did not request a post-decision hearing and she has thus waived this claim.
Respondent also challenges Judge Penry's finding of fact number six, wherein he found that DSS had provided her with a "Family Services Case Plan to focus on substance abuse treatment and self-sufficiency." Contrary to respondent's argument, this finding is supported by the court's prior findings of fact made in the 27 July 2013 disposition order, wherein the court found that DSS "has provided [respondent] with a Family Services Case Plan to focus on substance abuse treatment and self-sufficiency."
Next, respondent challenges Judge Penry's finding of fact number nine, in which he states that "placement with a parent at this time is not in the best interest of the minor children for the reasons set out above and in the reports incorporated herein." Respondent argues Judge Penry's order does not explicitly incorporate any reports into his order. Respondent is correct but does not show how she was prejudiced by this misstatement of fact, and thus this argument is overruled. See In re T.M.,180 N.C.App. 539, 547, 638 S.E.2d 236, 240 (2006) (holding when other findings of fact support a trial court's order, "erroneous findings unnecessary to the determination do not constitute reversible error").
We next address respondent's argument that four of Judge Penry's findings of fact are actually conclusions of law. " '[I]f [a] finding of fact is essentially a conclusion of law ... [,] it will be treated as a conclusion of law which is reviewable on appeal .' " In re M.R.D.C.,166 N.C.App. 693, 697, 603 S.E.2d 890, 893 (2004), disc. review denied,359 N.C. 321, 611 S.E.2d 413 (2005). Nevertheless, mislabeling a finding of fact as a conclusion of law is inconsequential if the remaining findings support it. In re R.A.H.,182 N.C.App. 52, 60, 641 S.E.2d 404, 409 (2007). Here, respondent merely argues that findings of fact number nine, twelve, thirteen, and fifteen, are conclusions of law that cannot support Judge Penry's order. Respondent has not otherwise challenged these conclusions of law or argued that they are not supported by findings of fact, and has thus accepted the conclusions. Lacey v. Kirk,--- N.C.App. ----, ----, 767 S.E.2d 632, 649 (2014) (citing Fran's Pecans, Inc. v. Greene,134 N.C.App. 110, 112, 516 S.E.2d 647, 649 (1999) (stating that "[f]ailure to [challenge a conclusion] constitutes an acceptance of the conclusion and a waiver of the right to challenge said conclusion as unsupported by the facts")), disc. review denied,--- N.C. ----, --- S.E.2d ---- (2015).
Respondent additionally challenges finding of fact number fourteen, wherein Judge Penry found: "[DSS] has made reasonable efforts to implement the permanent plan for the children. The Court finds these efforts reasonable and in order." The finding also includes a listing of twenty-six instances of efforts made by DSS to implement the juveniles' permanent plan. This finding of fact, however, is not supported by any evidence that was before Judge Penry at the 14 May 2014 review hearing, which consisted solely of the testimony of the parental grandfather and the report prepared by the guardian ad litem,neither of which covered the reunification efforts made by DSS.
Respondent further contends that that because finding of fact number fourteen is the only finding made by Judge Penry regarding efforts made by DSS to implement the permanent plan, it cannot support his conclusion to cease reunification efforts. In support of her argument, respondent relies on N.C. Gen.Stat. § 7B-507, which requires a trial court to make certain findings of fact before ceasing reunification efforts when the court grants "custody or placement responsibility" of a juvenile to a county department of social services, including that "efforts clearly would be futile or would be inconsistent with the juvenile's health, safety, and need for a safe, permanent home within a reasonable period of time[.]" N.C. Gen.Stat. § 7B-507(b), (b)(1) (2013) ; see alsoN.C. Gen.Stat. § 7B-906.1(l) (2013) (incorporating the provisions of section 7B-507 in any review or permanency planning order that "continues the juvenile's placement in the custody or placement responsibility of a county department of social services"). Here, Judge Penry changed the juveniles' permanent plan to guardianship with a relative and awarded guardianship of the juveniles to their paternal grandparents. Respondent does not specifically challenge Judge Penry's conclusions that the permanent plan for the juveniles should be guardianship with a relative, that the appointment of guardians is in the best interests of the juveniles, or the actual appointment of said guardians. She has thus waived review of these conclusions. Lacey,--- N.C.App. at, ----, 767 S.E.2d at 649.
Because Judge Penry did not maintain custody of the juveniles with DSS, he was not required to make any findings under N.C. Gen.Stat. § 7B-507(b) to support his conclusion that DSS should cease providing reunification efforts. In re Padgett,156 N.C.App. 644, 649, 577 S.E.2d 337, 341 (2003) ; but see In re I.K.,--- N.C.App. ----, 742 S.E.2d 588 (2013) (applying N.C. Gen.Stat. § 7B-507(b) in its analysis of whether the trial court erred in ceasing reunification efforts, setting the permanent plan as guardianship, and appointing a guardian for the juvenile, where the respondent parent challenged the trial court's imposition of a permanent plan of guardianship for the juvenile and its conclusion that DSS should cease providing reunification efforts). Accordingly, we overrule this argument.
Respondent has waived or failed to show prejudicial error with respect to all of her arguments on appeal, and we thus affirm Judge Penry's 29 July 2014 review and permanency planning order.
AFFIRMED.
Judges TYSON and INMAN concur.
Report per Rule 30(e).
Opinion
Appeal by respondent mother from order entered 29 July 2014 by Judge J. Rodwell Penry, Jr. in Davidson County District Court. Heard in the Court of Appeals 18 May 2015.

DSS prepared a report for the Judge Penry's consideration but never admitted the report into evidence.