IN THE SUPREME COURT OF NORTH CAROLINA

No. 109A19

Filed 27 September 2019

IN THE MATTER OF: C.M.C.

On writ of certiorari pursuant to N.C.G.S. § 7A-31-32(b) to review orders entered on 7 December 2018 by Judge Kristina L. Earwood in District Court, Haywood County. This matter was calendared in the Supreme Court on 11 September 2019 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Jordan R. Israel for petitioner-appellee Haywood County Health and Human Services Agency.*

*Alston & Bird LLP, by Sarah R. Cansler, for appellee Guardian ad Litem.*

*David A. Perez for respondent-appellant mother.*

ERVIN, Justice.

Respondent-mother Heather C. appeals from an order entered by the trial court terminating her parental rights in her daughter C.M.C.[1] After careful consideration of respondent-mother's challenge to the trial court's termination orders

---

[1] C.M.C. will be referred to throughout the remainder of this opinion as "Caroline," which is a pseudonym used to protect the identity of the juvenile and for ease of reading. *See* N.C. R. App. P. 42(b)(1).

in light of the record and the applicable law, we conclude that the trial court's orders should be affirmed.

On 19 September 2017, the Haywood County Health and Human Services Agency filed a petition alleging that Caroline was an abused, neglected and dependent juvenile. The HHSA had received a report on 29 August 2017 that respondent-mother had given birth to Caroline in June 2017 while at home and without medical assistance; that Caroline had not received medical care since her birth; and that respondent-mother was using drugs. Respondent-mother and Rex C., Caroline's putative father, told the social workers responsible for investigating this report that Caroline had not received medical care because she did not have Medicaid and the couple could not afford a doctor. According to respondent-mother and the putative father, the couple and their family had always lived in Haywood County except for brief stints in Florida and Georgia, that their three other children lived with their maternal grandmother, and that neither respondent-mother nor the putative father had any pending criminal charges or prior history of child protective services involvement. Other information developed by the investigating social workers revealed, however, that the other children had been removed from the parents' care in North Dakota as the result of abuse-related concerns; that the North Dakota courts were about to terminate the parents' parental rights in two of their other children; and that the parents were being prosecuted in North Dakota for abusing those two children.

On 19 September 2017, Judge Monica H. Leslie entered an order granting non-secure custody of Caroline to the HHSA. Following the entry of the non-secure custody order, social workers and deputies employed by the Haywood County Sheriff's Office went to respondent-mother's home in order to search for Caroline. However, neither respondent-mother, the putative father, nor Caroline were present at the family home when the social workers and deputies arrived. On 20 September 2017, respondent-mother, the putative father, and Caroline were found in the basement of a family friend's residence. At that point, Caroline was taken into HHSA custody and admitted to the hospital and respondent-mother and the putative father were arrested on the basis of warrants that had been issued against them in connection with the pending North Dakota child abuse charges. A subsequent medical examination revealed that Caroline had several fractured ribs and tested positive for the presence of controlled substances. Following her release from the hospital, Caroline was placed in foster care.

On 9 February 2018, the trial court entered an adjudication order finding Caroline to be an abused, neglected and dependent juvenile and determining that aggravating circumstances authorizing the immediate cessation of reunification efforts consisting of "[c]hronic physical or emotional abuse," "[t]orture," "[c]hronic or toxic exposure to alcohol or controlled substances that causes impairment of or addiction in the juvenile," and "[a]ny other act, practice, or conduct that increased the enormity or added to the injurious consequences of the abuse or neglect" existed.

N.C.G.S. § 7B-901(c)(1)(b), (c) (e), (f) (2017).  On the same date, the trial court entered a dispositional order placing Caroline in the custody of the HHSA, establishing a permanent plan of adoption with a concurrent permanent plan of guardianship with a relative or court-appointed caretaker, and relieving the HHSA from any further responsibility for attempting to reunify Caroline with respondent-mother and the putative father.

On 5 April 2018, the HHSA filed a petition seeking the entry of an order terminating the parental rights of respondent-mother, the putative father, and any unknown father in Caroline.  The issues raised by the HHSA's termination petition came on for hearing before the trial court on 10 September 2018.  At the conclusion of the hearing, the trial court announced that the parental rights of respondent-mother and the putative father in Caroline should be terminated, enunciated certain findings and conclusions that it wished to have included in the trial court's adjudication and dispositional orders, and requested counsel for the HHSA to draft the required written orders.  On 16 October 2018, adjudication and disposition orders signed by Judge Leslie, rather than the trial court, were filed.  On 13 November 2018, respondent-mother noted an appeal from these adjudication and dispositional orders to the Court of Appeals.[2]

---

[2] Prior to 1 January 2019, appeals noted from orders granting or denying a motion or petition to terminate parental rights lay to the Court of Appeals rather than to this Court. N.C.G.S. § 7B-1001(a)(6) (2017).

-4-

On 15 November 2018, the HHSA filed a motion pursuant to N.C. R. Civ. P. § 1A-1, Rule 60 (2017) seeking the entry of an order vacating the adjudication and dispositional orders that had been filed on 16 October 2018 given that those orders had been signed by Judge Leslie rather than by the trial court. On 30 November 2018, Judge Leslie entered an order vacating the adjudication and dispositional orders that she had signed. On 7 December 2018, the trial court entered an adjudication order determining that respondent-mother's parental rights in Caroline were subject to termination because of abuse and neglect, failure to pay support, incapability, and abandonment, N.C.G.S. § 7B-1111(a)(1), (3), (6), (7), and that the putative father's parental rights in Caroline were subject to termination because of abuse and neglect, failure to legitimate, incapability, and abandonment.[3] N.C.G.S. § 7B-1111(a)(1), (5), (6), (7). In addition, the trial court entered a separate dispositional order in which it determined that the termination of respondent-mother's and the putative father's parental rights in Caroline would be in the juvenile's best interests.[4] Respondent-mother noted an appeal from the trial court's termination orders to the Court of Appeals. On 24 April 2019, this Court granted respondent-mother's petition seeking the issuance of a writ of certiorari authorizing review of the trial court's termination orders.

---

[3] After the putative father's paternity of Caroline had been established by means of DNA testing, the HHSA dismissed its termination petition as to the unknown father.

[4] The putative father has not noted an appeal from either set of termination orders and is not a party to the proceedings before this Court.

In her sole challenge to the trial court's termination orders, respondent-mother argues that the trial court erred by entering the challenged termination orders on the grounds that Judge Leslie lacked the authority to vacate the earlier termination orders which she had inadvertently signed given that respondent-mother had already noted an appeal from Judge Leslie's earlier termination orders. We do not find respondent-mother's argument persuasive.

According to N.C.G.S. § 1A-1, Rule 60(b), a trial judge is entitled to grant relief from any judgment or order that, among other things, was entered by mistake or inadvertence, where the judgment is void, or where there is "[a]ny other reason justifying relief from the operation of the judgment." N.C.G.S. § 1A-1, Rule 60(b)(1), (4), (6). A trial judge does not have jurisdiction to rule upon a motion for relief from judgment made pursuant to N.C.G.S. § 1A-1, Rule 60(b) once an appeal has been noted from the relevant order. *Wiggins v. Bunch*, 280 N.C. 106, 184 S.E.2d 879 (1971). Respondent-mother contends that, since she had already given notice of appeal from the initial set of termination orders, Judge Leslie lacked the authority to vacate those orders given that her action in vacating them constituted a substantive modification of those earlier orders rather than the correction of a clerical error. The HHSA argues, on the other hand, that, since Judge Leslie did not preside over the termination hearing, the first set of termination orders had never been properly entered in accordance with N.C.G.S. § 1A-1, Rule 58 (2017) and were, for that reason, a nullity. In light of that fact, the HHSA further asserts that respondent-mother's

notice of appeal from the initial termination orders did not have the effect of divesting the District Court, Henderson County, of the authority to enter further orders in this case.

The Court of Appeals decided issues similar to the question before us in this case in *In re Whisnant*, 71 N.C. App. 439, 442, 322 S.E.2d 434, 435 (1984) and *In re Savage*, 163 N.C. App. 195, 198, 592 S.E.2d 610, 611 (2004), in both of which the orders terminating the parents' parental rights were vacated because they had been signed by a judge other than the individual who had presided over the termination hearing. According to the Court of Appeals, "an order terminating parental rights was a 'nullity' when signed by a judge other than the one who presided over the hearing," *In re Savage*, 163 N.C. App. at 197, 592 S.E.2d at 611 (quoting *In re Whisnant*, 71 N.C. App. at 441, 322 S.E.2d at 435), with this result stemming from the fact that N.C.G.S. § 1A-1, Rule 52 "requires a judge presiding over a non-jury trial to (1) make findings of fact, (2) state conclusions of law arising on the facts found, and (3) enter judgment accordingly." *In re Savage*, 163 N.C. App. at 197, 592 S.E.2d at 611 (citing *In re Whisnant*, 71 N.C. App. at 441, 322 S.E.2d at 435). Since we believe that the reasoning adopted by the Court of Appeals in these cases was sound, we conclude that the initial termination orders signed by Judge Leslie were, as the HHSA contends, a nullity.

In further confirmation of the appropriateness of this result, we note that N.C.G.S. § 1A-1, Rule 58 provides that "a judgment is entered when it is reduced to

writing, signed by *the* judge, and filed with the clerk of court." N.C.G.S. § 1A-1, Rule 58 (emphasis added). According to well-established North Carolina law, a party may not properly appeal from a judgment until it has been entered. *See Logan v. Harris*, 90 N.C. 7, 8 (1884); see also N.C. R. App. P. 3(c)1 (noting that appeals must be filed "within thirty days *after entry of judgment*" (emphasis added)). Thus, we conclude that the initial termination orders signed by Judge Leslie were a nullity for this reason as well.

In view of the fact that no viable adjudication and termination orders were actually entered on 16 October 2018, the appeal that respondent-mother noted from those orders did not have the effect of divesting the District Court, Henderson County, of the authority to enter further orders in this case, including the entry of additional orders correcting the error worked by Judge Leslie's decision to sign orders in a termination of parental rights case in which she had not presided over the adjudication and dispositional hearing. *Cf. Veazey v. City of Durham*, 231 N.C. 357, 367, 57 S.E.2d 377, 385 (1950) (stating, in discussing a statutory predecessor to the Rule of Civil Procedure, that, " 'when an appeal is taken as in this case from an interlocutory order from which no appeal is allowed by The Code [of Civil Procedure of 1868], which is not upon any matter of law and which affects no substantial right of the parties, it is the duty of the Judge to proceed as if no such appeal had been taken' " (quoting *Carleton v. Byers*, 71 N.C. 331, 335 (1874))). For this reason, Judge Leslie did not err by vacating the initial set of termination orders that she signed in

this case and the trial court did not err by entering the set of termination orders which respondent-mother has sought to challenge before this Court. As a result, since the trial court had the authority to enter the challenged orders terminating respondent-mother's parental rights in Caroline and since respondent-mother has not advanced any other challenges to the validity of the trial court's termination orders, those orders are affirmed.

AFFIRMED.